UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS VINCENT II, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON UNIVERSITY,<br><br>Defendant. | Case No. 5:24-cv-1561 |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiff Nicolas Vincent II and Defendant Thomas Jefferson University ("Jefferson") (individually, a "Party" and collectively, the "Parties") acknowledge that discovery in this case may involve confidential information, including confidential internal financial data, as well as records related to former and current Jefferson students who are not parties to this litigation ("Non-Party Students"), some of which qualifies as protected education records as defined in the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g ("FERPA"). This Stipulated Confidentiality Agreement and Protective Order (this "Protective Order") governs the disclosure and use of such information during the course of this Litigation (defined below).

A.   **Definitions**

1.   The term "Document" shall have the meaning provided in Rule 34 of the Federal Rules of Civil Procedure and any applicable local rule, and encompasses any and all writings of any kind, including, without limitation, letters, memoranda, notes, transcripts, computer tapes, discs, printouts, cartridges, recordings, e-mail messages and attachments, text messages, and all similar materials, whether electrically, mechanically, or manually readable.

1

2. The term "Discovery Materials" means all products of discovery and all information derived therefrom, including, but not limited to, all originals and copies of Documents, objects, or things, deposition transcripts, responses to written discovery, information, or other written, recorded, or graphic matter produced by a Party to this litigation or third party who has signed onto this Protective Order (the "Producing Party") in the course of this Litigation.

3. The term "Confidential" means: (1) information that relates to Non-Party Students of Jefferson that may be protected by the Family Educational Records and Privacy Act, 20 U.S.C. § 1232 ("FERPA"); and/or (2) any other information that may properly be designated confidential pursuant to Fed. R. Civ. P. 26, and applicable case law, including, but not limited to, internal financial data.

4. The term "Confidential Discovery Materials" means all Documents or Discovery Materials produced or discovered in this Litigation that are designated Confidential based on the criteria below.

5. The term "Litigation" shall mean the above-styled case including its appeal.

**B.      Scope of Order**

1. This Protective Order applies to all Discovery Materials.

2. The Parties will voluntarily abide by this Protective Order between the time it is signed by the parties and the time it is entered by the Court.

3. This Protective Order shall be understood to encompass not only those items or things which are expressly designated as Confidential, but also all copies, excerpts, and summaries thereof, as well as those portions of testimony and oral communications containing Confidential Discovery Materials or information derived therefrom.

4. The terms of this Protective Order shall in no way affect the right of any Party: (a) to withhold information on appropriate grounds such as, for example, attorney/client privilege or

work product; (b) to make other valid objections to production of materials; or (c) to make any use of its own Discovery Materials that it produces in the course of discovery.

5.  Producing or receiving Confidential Discovery Materials, or otherwise complying with the terms of this Protective Order, shall not: (a) prejudice the rights of a Party to apply to the Court for further protective orders; or (b) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

6.  The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

C.  **Procedures for Documents Containing Information Identifying Non-Party Students**

1.  In responding to discovery requests in this case or producing information in support of its defenses, Jefferson may produce responsive non-redacted Non-Party Student Education Records that are otherwise protected by the Family Educational Rights and Privacy Act ("Education Records"), including personally identifiable information, consistent with the procedures set forth in this Protective Order. This Protective Order in no way precludes Jefferson from raising any appropriate objections to any discovery requests, including based on student privacy or burden (including burdens associated with redacting records as described in Paragraph C.3), nor does Jefferson waive any objection to the production or subsequent admissibility of such records. Any such records will be treated as Confidential pursuant to the terms of this Protective Order.

2.  If a class is certified in this case, any members of the class shall be considered plaintiffs and to have waived any FERPA protections as to their educational records pursuant to 34 C.F.R. § 99.31(a)(9)(iii)(B).

3. Jefferson may provide Educational Records in a form that redacts any personally identifiable information concerning any Non-Party Student. Jefferson is not required to provide a redaction log for redaction of Educational Records.

4. Before producing any Education Record in an un-redacted format, however, Jefferson shall make reasonable efforts in accordance with 34 C.F.R. § 99.31(a)(9)(ii) to notify the Non-Party Student whose Education Records may be disclosed in discovery by sending a notice, approved by Plaintiff's counsel or approved by the Court, to the student's last known address by regular mail or to the student's last known email address through a third-party notice administrator jointly retained by the Parties. The notice shall provide that, if the Non-Party Student objects to production of the Education Records, the Non-Party Student must file an objection with this Court, with a copy to counsel for Jefferson, within twenty (20) calendar days of Jefferson having mailed the notification. In the event an objection is filed, Jefferson shall provide Plaintiffs' counsel with a redacted version of the objection, removing any identifying information, and it shall not produce the subject document until the objection is resolved. Nothing herein shall prevent Defendant from disclosing directory information. *See* 20 U.S.C. § 1232g(a)(5)(A).

5. Subject to the terms of any Protective Order, to the extent that any Education Records of or involving Non-Party Students produced by Jefferson are submitted to this Court, personally identifiable information shall be redacted from the document, including (to the extent provided by FERPA) any information that could reasonably lead to the disclosure of the identity of the Non-Party Student. Plaintiffs' Education Records, however, need not be redacted except to comply with Fed. R. Civ. P. 5.2. In the event a party intends to file with this Court, in unredacted form, documents containing Education Records of or involving Non-Party Students, the parties agree to (1) disclose to the other party no later than 10 days before a motion is filed (e.g., summary

judgment or class certification) identifying the potential exhibit, and (2) meet and confer in advance regarding seeking leave of Court to file such documents under seal. *See* E.D. Pa. Local Rule 5.1.5; *In re Avandia*, 924 F.3d 662 (3d Cir. 2019). The parties agree not to file such documents without first meeting and conferring with the producing party and providing an opportunity to obtain the Court's leave to file the documents under seal. Any such motion to file the documents under seal shall be made at least one day before any such related motion is due. If a Motion to Seal is filed, the parties agree not to file the document(s) that are subject of that motion of record with the Court until that motion is resolved; however, they may provide it to the Court for in camera review with the Court's permission or other appropriate non-public submission.

      6.    With respect to any information shared with Plaintiffs in discovery pursuant to this Protective Order, Plaintiffs and their counsel shall not use the documents or any information contained in the documents for any purposes other than the pursuit of the claims asserted in this Litigation and shall not disclose such documents or information to anyone unless specifically authorized by an order of the Court, including any Protective Order, or the agreement of the Parties.

      **D.**    **Use of Discovery Materials**

      1.    All Discovery Materials produced in connection with this Litigation that are designated as Confidential, shall be used by the Receiving Party solely for the purpose of pursuing the claims or defenses at issue in this Litigation, including an appeal, if any, and for no other purpose.

      **E.**    **Designation of Confidential Discovery Materials**

      1.    Counsel for the Producing Party may designate Documents as Confidential by placing the notation "Confidential" or "Confidential – Subject to Protective Order" on every page of each Document so designated or, in the case of confidential information disclosed in a non-paper medium (e.g., electronically stored information produced in native format, video tape, audio

tape, computer disks, etc.) ("Computerized Materials"), the notation "Confidential" or "Confidential – Subject to Protective Order" shall be affixed to the outside of the medium or its container. The stamp shall be affixed in such a manner as not to obliterate or obscure any written material. If a Party is unable to affix a stamp of confidentiality directly on a Document, the Party may designate the material as Confidential by way of a cover letter preceding the production of the Document in question. Documents or Computerized Materials marked as Confidential shall be referred to as "Confidential Discovery Materials." Confidential Discovery Materials so designated shall be treated as such by all non-producing Parties to this action (collectively the "Receiving Parties") unless the Court shall rule otherwise.

      2.     The designation by any Producing Party of any Confidential Discovery Materials shall constitute a representation that such Document has been reviewed by a representative of the designating Party and that there is a good faith belief that such designation is valid.

      3.     The Parties may designate any documents that have already been produced as Confidential by identifying in a letter to opposing counsel those documents, by bates number, that the Party claims are confidential.

      4.     In the event that a Producing Party elects to produce Documents for inspection, and the Receiving Party elects to inspect them before designating any such Documents for copying, all such Documents shall be treated as Confidential Discovery Materials during the pendency of any inspection period. Upon selection of specific Documents for copying and production, the Producing Party may affix the appropriate confidentiality designation. Any information learned, transcribed, or noted by the Receiving Party from Documents inspected but not designated for copying shall be maintained as Confidential Discovery Material, if that document inspected is designated as "confidential" even if it is not copied.

5.     Whenever any Party to whom Computerized Material designated as Confidential is produced reduces such material to hard copy form, such Party shall mark the hard copy form with the appropriate confidentiality designation on every page of each document.

6.     With consent by the Parties to the Litigation, any non-party who is producing Discovery Materials in the Litigation may agree to and obtain the benefits of the terms and protections of this Protective Order by designating as Confidential the Discovery Materials that the non-party is producing, as set forth in Paragraph E(1).  Any third party so designating materials, however, submits to the jurisdiction of this Court for any discovery issues that may arise.

**F.     Non-Disclosure of Confidential Discovery Materials**

1.     Except with the prior written consent of the Party or other person originally producing Confidential Discovery Materials, or as hereinafter provided under this Protective Order, no Confidential Discovery Materials, or any portion thereof, may be disclosed to any person except as set forth in section G below.  However, nothing in this Protective Order shall limit any Party's ability to use or disclose any Confidential Discovery Materials produced, generated, or authored by that Party.

**G.     Permissible Disclosures of Confidential Discovery Materials**

1.     Notwithstanding section F above, Confidential Discovery Materials may be disclosed to and used only by:

(a)     The named Parties and counsel of record for the Parties in this Litigation and to his/her partners, associates, paralegals, secretaries, law clerks, legal assistants, and employees to the extent considered reasonably necessary to render professional services in the Litigation;

(b)     inside counsel of the Parties and their paralegals and staff and any insurer;

    (c) any employee of a Party or former employee of a Party, but only to the extent considered necessary for the preparation and trial or depositions in this action; and

    (d) court officials involved in this Litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court, or any mediator agreed upon by the Parties);

    (e) any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    (f) outside consultants or outside experts consulted or retained for the purpose of assisting counsel in this Litigation;

    (g) employees of counsel involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designating programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

    (h) employees of third-party contractors performing one or more of the functions set forth in subparagraph (g) above;

    (i) any other person consented to by the Producing Party.

  2. Before any person identified in subparagraphs (f) through (i) is given access to Confidential Discovery Materials, that person shall be furnished with a copy of this Protective Order and shall sign a Confidentiality Agreement in the form attached hereto as Exhibit A ("Agreement").  The originals of such Agreements shall be maintained by outside counsel of the Receiving Party until the final resolution of this litigation.  Such Agreement shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon

notice and good cause shown.

      **H.**      **Confidential Discovery Materials Offered as Evidence at Trial**

      1.      Confidential Discovery Materials and the information therein may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives at least forty-eight hours' notice to counsel for the party or other person that designated the discovery materials or information as Confidential.

      **I.**      **Confidential Discovery Materials in Depositions**

      1.      Counsel for any Party may show Confidential Discovery Materials to a deponent during deposition. While a deponent is being examined about any Confidential Discovery Materials or the confidential information contained therein, persons to whom disclosure is not authorized under this Protective Order shall be excluded from being present. The witness shall not be permitted to take any documents from the deposition.

      2.      Parties may, within thirty (30) days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as Confidential. Confidential Discovery Materials within the deposition transcript may be designated by identifying the testimony by page and line number or underlining the portions of the pages that contain said information and marking such pages "Confidential" or "Confidential – Subject to Protective Order." Until expiration of such thirty (30) day period, the entire transcript, including exhibits, will be treated as Confidential under this Protective Order. If no Party or deponent timely designates confidential information in a transcript as Confidential, then none of the transcript or its exhibits will be treated as Confidential. If a timely designation is made, the Confidential portions and exhibits shall be treated as Confidential pursuant to the terms of this Protective Order. If a party intends to file with this Court deposition transcript pages and exhibits designated as confidential, the parties agree to meet and confer in advance regarding seeking leave of Court to file such documents under seal and otherwise comply

with Paragraph C(5).

3. Unless otherwise agreed to by the Parties, Court reporters shall be instructed to transcribe Non-Party Students' names by their initials only.

**J.    Inadvertent Failure to Designate**

1. <u>Confidential Discovery Materials</u> – Inadvertent failure to designate materials produced as Confidential may be corrected at any time by written notice, which designation shall operate prospectively pursuant to the terms of this Protective Order. Such inadvertent failure shall not constitute a waiver of any party's rights under this Protective Order. The information shall be treated by the Receiving Party as Confidential Discovery Materials from the time the Receiving Party is notified in writing of the change in the designation.

2. <u>Privileged Information</u> – Inadvertent production of Documents shall not, in and of itself, waive any privilege that would otherwise attach to the Documents produced. For any such claim of inadvertent production, the Parties agree to follow the procedures identified in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure as well as the following:

(a) Upon discovery of the inadvertent production, the Producing Party shall promptly give all counsel of record notice of the claimed inadvertent production. The notice shall identify the Document or portions of the Document that were inadvertently produced, the date of production, and all reason(s) for the privilege claimed, as well as the reason that the materials were produced. If the Producing Party claims that only a portion of the Document was inadvertently produced, the Party shall provide along with the notice of inadvertent production a new copy of the Document with the allegedly privileged portions redacted.

(b) A Receiving Party is under a good-faith obligation to notify the Producing Party upon identification of a Document which appears on its face or in light of facts known to the Receiving Party to be potentially privileged. Such notification shall not waive the

Receiving Party's ability to subsequently challenge any assertion of privilege with respect to the identified Document. Subsequent to notification by the Receiving Party, the Producing Party shall provide notice to the Receiving Party within ten (10) days of notification if the Producing Party believes the Document to be privileged and inadvertently produced.

(c) Upon receiving notice of inadvertent production, the Receiving Party must promptly sequester the specified information and any copies it has and may not use or disclose the information until the claim is resolved. If the Receiving Party disclosed the information prior to notification from the Producing Party, it must take reasonable steps to prevent further use of such information until the claim is resolved.

(d) In the absence of an agreement of the Parties on the claim of inadvertent production and privilege, the Producing Party shall promptly move for a ruling concerning the inadvertency of the production and the validity of the privilege claim. Upon resolution of an inadvertent production claim in favor of the Producing Party, the Receiving Party will make good-faith efforts to locate and to return to the Producing Party or to destroy the originally produced non-redacted Documents and all copies. Nothing herein shall be construed to prevent a Receiving Party from moving the Court for a resolution on the validity of the privilege claim.

K. **Challenge to Confidential Designation**

1. Should counsel for any of the Receiving Parties object to the designation by the Producing Party of any particular material as Confidential, such counsel at any time may notify counsel for the Producing Party in writing that he or she objects to the designation, specifying with particularity the material he or she believes has been classified improperly and the basis for his or her contention that said Document should not be designated as Confidential. Upon receipt by the Producing Party of such written objection, counsel for the Producing Party shall then have a

reasonable time, but in no event longer than ten (10) business days after receipt of a challenge notice to advise the Receiving Party of the specific reasons for its claim of confidentiality, and whether or not it will change the designation.  Counsel shall negotiate in good faith to resolve the dispute as to the designation.

        2.        If counsel are unable to agree upon the handling of the disputed material, counsel for the Receiving Party may apply by motion to the Court for a ruling that the Discovery Materials stamped as Confidential in question are not entitled to such status.  The designating party shall have the burden of proof on such motion to establish the propriety of its designation.  During the pendency of any such objection, dispute, or motion, the material in question shall be handled as Confidential.

        **L.**        **<u>Filing Documents With the Court</u>**

        1.        In the event a party intends to file with this Court, in unredacted form, documents containing or referring to Confidential Discovery Material, the parties agree to meet and confer in advance regarding seeking leave of Court to file such documents under seal and comply with Paragraph C(5) and the procedures agreed upon above. *See* E.D. Pa. Local Rule 5.1.5; *In re Avandia*, 924 F.3d 662 (3d Cir. 2019). The parties agree not to file such documents without first meeting and conferring with the producing party and providing an opportunity to obtain the Court's leave to file the documents under seal, and agree to follow the procedures set out in Paragraph C(5).

        2.        Documents containing Confidential Discovery Material that are sealed by Court order shall be filed with the Clerk of Court under seal in an envelope or container, in accordance with Local Rule 5.1.5 where applicable, and on the face of which shall be stamped the following:

**CONFIDENTIAL**

This envelope contains documents which are filed under seal in this case by [name of party] and, by Order of this Court, dated _____, shall not be opened nor the contents displayed or revealed except as provided in that Order or by further order of the Court.

3. Confidential Discovery Material shall be kept under seal until further order of the Court; however, Confidential Discovery Material filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the Confidential Discovery Material contained therein under the terms of this Protective Order.

**M.   Non-Termination at Conclusion of Litigation**

1. Within sixty (60) calendar days after final judgment in this Litigation, including any expiration of the timeframe to appeal, the exhaustion of any appeal, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each Party or other person subject to the terms of this Protective Order shall destroy or return to the Producing Party all materials and documents containing Confidential Discovery Material, and certify to the Producing Party such destruction or return.

2. Nothing in this Protective Order shall prevent counsel for the Receiving Party from retaining attorney work product such as any summaries or other documents or writings prepared by or for said counsel that contain or refer to Confidential Discovery Material, provided that such summaries or other documents or writings are thereafter maintained under the conditions of confidentiality set forth in this Protective Order. The provisions of this Protective Order shall not terminate upon the conclusion of this Litigation. Nothing in this Protective Order shall prevent any party from retaining their own Confidential Discovery Material beyond the confines of Subsection M(1) just because it was produced by the other party with such confidential designation. For example, Named Plaintiff retains the right to keep copies of his financial statements or account

records, and has no obligation to destroy such records.

3. Neither the final resolution or termination of this Litigation nor the termination of employment of any person who has access to any Confidential Discovery Materials shall relieve such person from the obligation of maintaining the confidentiality of such information.

**N.** **Remedies**

1. All remedies available to any Party injured by a violation of this Protective Order are fully reserved.

2. Any Party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Protective Order.

*[Signature Page Follows]*

Dated: February 19, 2025

_signature_

Michael A. Tompkins
LEEDS BROWN LAW, P.C.
1 Old County Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
mtompkins@leedsbrownlaw.com

Gary F. Lynch
Nicholas A. Colella
LYNCH CARPENTER LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(610) 322-9243
gary@lcllp.com
nickc@lcllp.com


*Attorneys for Plaintiff Nicholas Vincent II*

_signature_

Michael E. Baughman
Mia S. Marko
TROUTMAN PEPPER
LOCKE LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
215.981.4000
Michael.Baughman@troutman.com
Mia.Marko@troutman.com

*Attorneys for Defendant Thomas Jefferson University*

**IT IS SO ORDERED.**

Dated:_____                          _____

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NICHOLAS VINCENT II, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>THOMAS JEFFERSON UNIVERSITY,<br><br>      Defendant. | Case No. 5:24-cv-1561 |

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT, OR EMPLOYEES OF ANY PARTY**

I hereby affirm that:

  Confidential Discovery Materials as defined in the Stipulated Confidentiality Agreement and Protective Order entered in the above-captioned action (hereinafter the "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

  I have been given a copy of and have read the Protective Order.

  I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by such terms.

  I submit to the jurisdiction of this Court for enforcement of the Protective Order.

  I agree not to use any Confidential Discovery Materials disclosed to me pursuant to the Protective Order except for purposes of the above-captioned Litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the Party who designated such information as Confidential or by order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

  I understand that I am to retain all Confidential Discovery Materials in a secure manner, and that all such documents and materials are to remain in my personal custody until the

completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Discovery Materials are to be returned to counsel who provided me with such documents and materials.

Dated: _____          By: _____

                                                        Title: _____