IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS VINCENT II, *on behalf of himself and all others similarly situated*,<br><br>PLAINTIFF,<br><br>v.<br><br>THOMAS JEFFERSON UNIVERSITY,<br><br>DEFENDANT. | Case No. 5:24-cv-1561 |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO PRELIMINARILY APPROVE CLASS ACTION SETTLEMENT, CERTIFY THE CLASS, APPOINT CLASS COUNSEL, APPROVE PROPOSED CLASS NOTICE, AND SCHEDULE A FINAL APPROVAL HEARING**

**WHEREAS**, Plaintiff Nicholas Vincent II ("Plaintiff" or "Named Plaintiff"), individually and as representative of the class defined below, and Defendant Thomas Jefferson University ("Defendant" or "TJU") (and with Plaintiff, the "Parties") have entered into a Settlement Agreement that was stipulated to on April 23, 2025, which, if approved, would resolve this class action ("Action").

**WHEREAS**, Plaintiff has filed a motion for preliminary approval of the proposed settlement ("Settlement") set forth in the Settlement Agreement, which TJU does not oppose, and the Court has reviewed and considered the motion, the supporting brief, the supporting declarations, the Settlement Agreement, and all exhibits thereto, including the proposed class notices (hereinafter, the "Notices"), and finds there is sufficient basis for granting preliminary approval of the Settlement, directing that the Short Form Notice be disseminated to the class, and setting a hearing at which the Court will consider whether to grant final approval of the Settlement;

1

NOW, THEREFORE, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the Settlement and its exhibits,

**IT IS HEREBY ORDERED** that:

1. Unless otherwise defined herein, defined terms used in this Order have the same meaning as defined in the Settlement Agreement.

2. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Settlement Agreement and the exhibits attached thereto, are preliminarily approved pending a Final Approval Hearing on the Settlement as provided herein.

3. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class Members set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class Members without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class Members; (c) meets all applicable requirements of law; and (d) is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

5.   For purposes of the proposed Settlement only, the Court preliminarily finds and determines that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and provisionally certifies the following Settlement Class:

> All enrolled students at Thomas Jefferson University during the Spring 2020 semester who paid any Tuition and/or Fees, or who were credited with having paid the same and who were registered for at least one in-person class at the beginning of the Spring 2020 semester.

Excluded from the Settlement Class is any person who properly executes and files a timely opt-out request to be excluded from the Settlement Class.

6.   For purposes of the proposed Settlement only, the Court preliminarily finds and determines, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, as follows: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class, and those questions predominate over any individual questions; (c) the claims of Named Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Named Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for fairly and efficiently adjudicating the Action.

7.   For purposes of the proposed Settlement only, the Court preliminarily appoints Named Plaintiff Nicholas Vincent II as Settlement Class Representative.

8.   For purposes of the proposed Settlement only, the Court preliminarily appoints Nicholas A. Colella of Lynch Carpenter, LLP and Michael A. Tompkins and Anthony M. Alesandro of Leeds Brown Law, P.C. as Class Counsel to act on behalf of the Settlement Class and the Settlement Class Representatives with respect to the Settlement. The Court preliminarily authorizes Class Counsel to enter into the Settlement on behalf of the Settlement Class

Representative and the Settlement Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

9. The Court appoints A.B. Data, Ltd. to administer the Notice procedure and distribute the Net Settlement Fund, under the supervision of Class Counsel.

10. Having reviewed the proposed Short Form Notice of Proposed Class Action Settlement ("Short Form Notice"), and the proposed Long Form Notice of Proposed Settlement of Class Action Lawsuit ("Long Form Notice"), submitted by the Parties as Exhibits A-1 and A-2 to the Settlement, the Court approves, as to form and content, such Notices.

11. Within fourteen (14) days after the entry of this Order, TJU shall produce to the Settlement Administrator a list from the University Registrar's records that includes the names and last known personal email and permanent postal addresses, to the extent available, belonging to all Potential Settlement Class Members.[1]

12. Within forty-five (45) days after the entry of this Order, the Settlement Administrator shall send, via email to persons listed on the Class List, the Short Form Notice substantially in the form submitted to the Court; and if an email address is not listed for a Potential Settlement Class Member on the Class List, such Short Form Notice shall be sent by the Settlement Administrator to the Potential Settlement Class Member's last known mailing address via U.S. mail.

13. No later than forty-five (45) days after the entry of this Order, and before the issuance of the Short Form Notice, the Settlement Administrator shall establish the Settlement

---

[1] Consistent with the requirements of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R. Part 99 (collectively, "FERPA"), TJU may disclose directory information to the Settlement Administrator. *See* 34 C.F.R. § 99.37. This Order shall constitute a judicial order permitting disclosure of information necessary to effectuate this settlement within the meaning of FERPA, *see* 34 C.F.R. § 99.31(a)(9)(i), and the Settlement and the Court's order shall constitute specific notice of TJU's intention to comply with this order, *see* 34 C.F.R. § 99.31(a)(9)(ii).

Website, which shall include, when available, in downloadable format, the following: (i) the Long Form Notice; (ii) the Preliminary Approval Order (when entered); (iii) the Settlement Agreement (including all exhibits); (iv) a Question and Answer section agreed to by the Parties anticipating and answering Settlement-related questions from prospective class members; (v) contact information for the Settlement Administrator, including a Toll Free number, as well as Settlement Class Counsel; and (vii) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall allow Settlement Class Members to provide an updated mailing address to receive a paper check, or to elect to receive their Settlement Benefit via Venmo or PayPal.

14. Prior to the Final Approval Hearing, in connection with the motion for final approval of the Settlement, Class Counsel shall serve and file a sworn statement from the Settlement Administrator evidencing compliance with the provisions set forth above concerning the distribution of Notice to the Settlement Class.

15. No later than fifty (50) days after the entry of this Order, and until the Final Approval Hearing, TJU will inform Potential Settlement Class Members of the settlement and provide a link to the Settlement Website at www.jefferson.edu.

16. The Court finds and determines that (a) emailing or mailing the Short Form Notice, (b) establishing a Settlement Website, (c) posting of the Long Form Notice on the Settlement Website, and (d) posting a link to the Settlement Website on TJU's website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the Notices to all persons entitled to receive such Notices, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

17. Any person falling within the definition of the Potential Settlement Class may, upon request, be excluded or "opt-out" from the Settlement Class. No Potential Settlement Class Member may both opt-out of and object to the Settlement; a Potential Settlement Class Member must decide whether to opt-out of the Settlement or to object to the Settlement.

18. Any person who desires to request exclusion from the Settlement Class must submit a written request for exclusion in the form and manner required by the Long Form Notice. Such written request for exclusion must be mailed to the Settlement Administrator such that it is postmarked no later than forty-five (45) days after the issuance of the Short Form Notice (the "Objection/Exclusion Deadline"), which date shall be included in the Short Form Notice.

19. The written request for exclusion must:

    (a) include a statement requesting exclusion from the Settlement Class;

    (b) be personally signed by the Potential Settlement Class Member; and

    (c) include the Potential Settlement Class Member's name, address, telephone number, email address, and the caption for the Action.

20. A request to be excluded from the Settlement Class that does not include all of the foregoing information in Paragraph 19, that is sent to an address other than that designated in the Long Form Notice, or that is not postmarked within the time specified, shall be invalid and any individual sending such request shall be deemed to remain in the Settlement Class and shall be bound as a Settlement Class Member by the Settlement, if approved by the Court. Any Potential Settlement Class Member who properly elects to be excluded, in compliance with the requirements set forth in Paragraphs 18-19, shall not: (a) be bound by any orders of the Court or the Final Judgment; (b) be entitled to relief under the Settlement; (c) gain any rights by virtue of the Settlement; or (d) be permitted to object to any aspect of the Settlement.

21. A request to be excluded from the Settlement Class must be personal. Any particular Potential Settlement Class Member may not purport to opt other Potential Settlement Class Members out of the Settlement Class on a class or representative basis.

22. TJU has the right to audit the exclusion process for evidence of fraud or error and the Court will be the final arbiter of an exclusion's validity. As set forth in the Settlement Agreement, TJU has the right to terminate the Settlement Agreement if the number of exclusions exceeds 3% of the Potential Settlement Class Members.

23. All persons who submit valid and timely written requests for exclusion as set forth in this Order and the Long Form Notice shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or any Final Judgment entered in this Action.

24. Any motion for final approval of the Settlement and final certification of the Settlement Class for settlement purposes only, shall be filed by Class Counsel, in coordination with TJU's Counsel, no later than ten (10) days prior to the Final Approval Hearing.

25. No less than seventy-five (75) days following the issuance of the Short Form Notice (120 days from the date of this Order), this Court will hold a hearing in the United States District Court for the Eastern District of Pennsylvania, **U.S. Courthouse, Courtroom \_\_\_, 201 Penn Street, Reading, PA 19601, at _____ on _____, 2025** ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the proposed manner of distribution of the Net Settlement Fund should be approved as fair, reasonable, and adequate to the Settlement Class; (c) whether to approve the application of Class Counsel for an award of Attorneys' Fees and Litigation Expenses; (d) whether to approve the payment of a Case Contribution Award to the Settlement Class

7

Representative; (e) whether a Final Judgment should be entered; and (f) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class. The Final Approval Hearing may be held in person, telephonically, or remotely via Zoom or other electronic platform without further notice. The Settlement Administrator shall post information about the Final Approval Hearing on the Settlement Website, and any interested persons should check the Settlement Website for any changes to the date of the Final Approval Hearing or the manner in which it will be held.

26. Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, they will be represented by Class Counsel.

27. Any Settlement Class Member may object to the Settlement, the manner of distribution of the Net Settlement Fund, the application for Case Contribution Award, the Fee Award, and/or the Litigation Expense Award, or may appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a Final Judgment should not be entered thereon, why the Case Contribution Award should not be approved, or why the Fee Award or Litigation Expense Award should not be approved. Any such objection must be in the form and manner required by the Long Form Notice.

28. No Settlement Class Member or other person will be heard on such matters unless they have postmarked no later than the Objection/Exclusion Deadline a written objection that: (a) states that the person objecting is a Settlement Class Member; (b) includes the name, address, email, and telephone number of the Settlement Class Member objecting; (c) is personally signed

by the objecting Settlement Class Member; (d) contains a statement that includes all objections, states whether each objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, and states the specific reasons for all objections, including any legal arguments and evidentiary support (including copies of any documents relied upon); (e) includes a statement of whether the objector intends to appear at the Final Approval Hearing, with or without counsel; and (f) is otherwise in the form and manner required by the Long Form Notice. Such written objections, briefs, papers, and statements must be filed with the Court, and copies must be delivered by mail, hand, or overnight delivery services at the same time to the following counsel:

> Nicholas A. Colella
> LYNCH CARPENTER, LLP
> 1133 Penn Avenue, 5th Floor
> Pittsburgh, PA 15222
>
> -and-
>
> Anthony M. Alesandro
> LEEDS BROWN LAW, P.C.
> One Old Country Road, Suite 347
> Carle Place, NY 11514
>
> *Class Counsel*
>
>
> Michael E. Baughman
> TROUTMAN PEPPER LOCKE LLP
> 3000 Two Logan Square
> 18th and Arch Streets
> Philadelphia, PA 19103
>
> *Counsel for Thomas Jefferson University*

29.    If a Settlement Class Member objects to the Settlement and the Settlement is nonetheless approved by the Court, then the objecting Settlement Class Member is a member of the Settlement Class and will receive their share of the Net Settlement Fund.

30. If any Settlement Class Member does not make an objection in the form and manner set forth above and in the Long Form Notice, with copies to designated counsel for each of the Parties, they shall not be permitted to object to the Settlement, the Case Contribution Awards, and/or the Fee Award at the Final Approval Hearing; shall be foreclosed from seeking any review of the Settlement, the Case Contribution Awards, and/or the Fee Award by appeal or other means; and shall be deemed to have waived their objection(s) and be forever barred from making any such objection(s) in the Action or any other related action or proceeding.

31. This Order shall constitute a "judicial order" within the meaning of the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g and 34 C.F.R. § 99.31(a)(9), sufficient to compel TJU to provide the "Class List" regarding Settlement Class Members (*i.e.*, directory information, as FERPA defines that term) to the Settlement Administrator in accordance with this Order.

32. Upon the Effective Date set forth in Paragraph 1(g) of the Settlement Agreement, the Releasing Settlement Class Parties shall have fully, finally, and forever released all Released Claims against the Released TJU Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released TJU Parties.

33. Upon the Effective Date set forth in Paragraph 1(g) of the Settlement Agreement, only persons who are Settlement Class Members shall have rights in the distribution of the Settlement Fund created by the Settlement, except as provided in the Settlement.

34. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court.

35. The application for attorneys' fees and litigation expenses must be filed at least fourteen (14) days prior to the Objection/Exclusion Deadline.

## **Further Matters**

36. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement.

37. Members of the Settlement Class shall be bound by all determinations and judgments concerning the Settlement and Final Judgment as to the same, whether favorable or unfavorable.

38. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement. The Court may approve the Settlement with such modifications as may be agreed by the Parties, if appropriate, without further Notice to the Settlement Class.

Dated: _____   _____
                                                                                   Hon. Jeffrey L. Schmehl
                                                                                   United States District Judge